Filed 8/9/16  P. v. Bennett CA2/7

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>PATRICE KIMBERLY BENNETT,<br><br>      Defendant and Appellant. | B269037<br><br>(Los Angeles County<br>Super. Ct. No. NA102913) |

        APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

        Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

———————————————

On November 3, 2015 Patrice Kimberly Bennett waived her rights to a preliminary hearing and a jury trial and entered a negotiated plea of no contest to possession of cocaine base for sale (Health & Saf. Code, § 11351.5) as charged in a felony complaint. At the time she entered her plea, Bennett was advised of her constitutional rights and the nature and consequences of the plea, which Bennett stated she understood. Defense counsel joined in the waivers of Bennett's constitutional rights and stipulated to a factual basis for the plea. The trial court found Bennett's waiver and plea were voluntary, knowing and intelligent and sentenced her to the middle term of three years for possession of cocaine base for sale to be served in county jail.[1] The court awarded Bennett 24 days of presentence custody credit and imposed statutory fines, fees and assessments.

On December 17, 2015 Bennett, through her counsel, made an oral motion to withdraw her plea on the grounds she had a defensible case and did not understand the plea proceedings. The trial court summarily denied the motion. The same day Bennett filed a notice of appeal from the "judgment rendered on December 17, 2015." Bennett did not request a certificate of probable cause.

We appointed counsel to represent Bennett on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On March 22, 2016 we advised Bennett she had 30 days to submit any arguments or raise any issues she wanted us to consider. We have not received a response.

We have examined the record and are satisfied appellate counsel for Bennett has complied with her responsibilities and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[1]     Bennett also admitted she had violated probation in Los Angeles Superior Court case number NA092498 (accessory after the fact). The trial court revoked and terminated probation and sentenced Bennett to a concurrent term of three years in county jail.

## DISPOSITION

The postjudgment order denying Bennett's motion to withdraw her plea is affirmed.

PERLUSS, P. J.

We concur:

ZELON, J.

GARNETT, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.